## MISSOURI AZTAR RIVERBOAT GAMING CO., LLC.,
**Appellant,**

v.

**James JANIS and Division of Employment Security,
Respondents.**

**No. WD 62801.**

Missouri Court of Appeals, Western District.

Jan. 30, 2004.

William E. Reeves, Esq., Caruthersville, MO, for appellant.

Joanna C. Fryer, Esq., Chicago, IL, Sharon A. Willis, Esq., Kansas City, MO, for respondent.

Before SMART, P.J., ULRICH and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Aztar Missouri Riverboat Gaming Company (Aztar) appeals from an administrative determination that its former employee, James Janis, is eligible for unemployment benefits without a period of disqualification. We reverse and remand because a key factual determination regarding the date of Janis' discharge is unsupported by competent and substantial evidence in the record.

### FACTUAL AND PROCEDURAL HISTORY

Janis was employed as a marketing supervisor for Aztar. On February 13, 2002, Aztar gave Janis written notice of a four-day suspension due to his failure to attend a mandatory supervisors' meeting on February 12. The notice provided in relevant part:

> [Janis] is to be suspended Thursday, Feb.14—Friday, Feb.15—Saturday, Feb.16 and Sunday, Feb.17. [Janis] needs to report to the HR Director on Monday, Feb. 18 at 8:30 a.m. to see if he is allowed to return to work.

Upon receiving this disciplinary notice, Janis completed his mileage reimbursement report, which was attached to a clipboard. Janis then walked into the office of his supervisor, Christy Ferrell, tossed the clipboard across her desk and said: "If you're going to suspend me, you will fucking pay me."

Following the suspension, Aztar notified Janis that his employment was terminated on Monday, February 18, 2002. The reason for the termination, as stated on the "Crew Member Discharge Form," was the incident involving Janis' use of profanity toward his supervisor after being suspended.

Janis filed a claim for unemployment benefits with the Missouri Division of Employment Security (Division). A Division deputy determined Janis was eligible for benefits but disqualified for five weeks because he was discharged for misconduct connected with work. The misconduct finding was based on Janis' use of profanity towards his supervisor.

Janis appealed, and a hearing was held by the Division's Appeals Tribunal. Reversing the deputy's determination, the Appeals Tribunal found there was insufficient evidence to conclude Janis was discharged for misconduct connected with his work. The Appeals Tribunal determined Janis was effectively discharged on February 13, 2002, when he was placed on an "indefinite disciplinary suspension." Although Aztar asserted Janis was discharged on February 18, 2002, as a result of the profanity incident, the Appeals Tribunal refused to consider that incident because it occurred after Janis was notified of the indefinite suspension and, thus, had already been terminated. The Appeals Tribunal concluded Janis was not disqualified for benefits because Aztar failed to establish by competent and substantial evidence that his discharge on *February 13* was for misconduct connected with his work.

Aztar sought review from the Labor and Industrial Commission (Commission), which affirmed and fully adopted the Ap-

peals Tribunal decision. On appeal to this court, Aztar challenges the sufficiency of the evidence to support the decision's factual determinations regarding the date and reasons for Janis' discharge.

## STANDARD OF REVIEW

Our review is governed by Section 288.210, RSMo 2000, which provides: "[t]he findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." We must affirm the Commission's decision unless it is unsupported by competent and substantial evidence or is unauthorized by law. *Quality Med. Transcription, Inc. v. Woods*, 91 S.W.3d 181, 184 (Mo.App. W.D.2002). We examine the whole record to determine the sufficiency of the evidence to support the Commission's decision. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo.banc 2003). A decision that is contrary to the overwhelming weight of the evidence in the record is not supported by competent and substantial evidence. *Id.*

## Sufficiency of the Evidence

The Appeals Tribunal decision, as adopted by the Commission, concluded that Janis was discharged on February 13, 2002, at the time Aztar placed him on an "indefinite disciplinary decision."[1] As a result of this factual determination, the Appeals Tribunal did not consider whether Janis engaged in misconduct connected with his work when he used profanity toward his supervisor, because that incident occurred after he was placed on suspension. The Appeals Tribunal found no sub-

---

1. The Appeals Tribunal decision further states that an indefinite suspension is considered a discharge "for purposes of the Missouri [E]mployment Security Law." The decision does not cite to a specific statute or regulation in support of this statement.

stantial and competent evidence that Janis engaged in work-related misconduct prior to his indefinite suspension on February 13. Thus, it determined he was not disqualified from receiving unemployment benefits or waiting week credits under Section 288.050.2 of Missouri's Employment Security Law.[2]

Aztar contends the Appeals Tribunal erred in finding that Janis was placed on indefinite suspension because there is no evidence in the record to support that conclusion. In response, Janis argues the finding constitutes a factual determination—regarding the date and nature of the discharge—to which the appeals court must defer. We recognize, however, that such deference is afforded only to those factual findings supported by evidence in the record. § 288.210; *Quality Med. Transcription*, 91 S.W.3d at 184. Upon review of the entire record, we discern no evidence to support the finding that Janis was indefinitely suspended and thereby discharged on February 13, 2002.

Janis was given written notice of his disciplinary suspension on Wednesday, February 13, 2002. The notice stated the suspension covered February 14, 15, 16, and 17, and that Janis must report to the Human Resources Director on Monday, February 18 "to see if he is allowed to return to work." In this appeal, Janis argues the notice stated a minimum period of suspension that was not finite because further decisions would be made about his employment status on February 18. This argument is contrary to Janis' testimony at the Appeals Tribunal hearing. Based on the notice, Janis testified he understood

the suspension would end on February 17 and a final decision would be made the next day regarding his possible discharge. The suspension notice and procedure were consistent with Aztar's written disciplinary policy, which provided that an employee "who is subject to discharge for violation of company rules or policies shall be placed on suspension for a period not to exceed four (4) days to allow sufficient time for investigation by management." Following the suspension, Aztar notified Janis that he was discharged on February 18, 2002.

■ The evidence was uncontroverted that Janis' suspension was for a specific period of four days. The Appeals Tribunal's finding of an indefinite suspension was against the weight of the evidence and, therefore, was unsupported by competent and substantial evidence in the record. *Hampton*, 121 S.W.3d at 222–23. Without an indefinite suspension, there is also no evidence to support the Appeals Tribunal's finding that Janis was discharged on February 13, 2002, when he was notified of the suspension. Rather, the evidence clearly established Janis was discharged on February 18, 2002, one day after the suspension ended. Given this discharge date, the incident involving Janis' use of profanity toward his supervisor must be considered in determining whether he was discharged for misconduct connected with his work.

We reverse the decision adopted by the Commission because it is unsupported by competent and substantial evidence that Janis was discharged on February 13, 2002.[3] In light of our determination that

---

**2.** Section 288.050.2 provides in relevant part:
... if a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant, depending upon the seriousness of the misconduct ..., shall be disqualified for waiting week credit or benefits for not less than

four nor more than sixteen weeks for which the claimant claims benefits and is otherwise eligible.

**3.** Our reversal obviates any need to address Aztar's alternative argument that even if Janis' February 13 suspension could be consid-

the discharge occurred on February 18, 2002, we remand the cause for further proceedings to determine whether Janis was discharged for misconduct connected with his work and whether any disqualification of benefits is appropriate under Section 288.050.2.

All concur.

ered a discharge, that discharge was for "misconduct connected with work" based on Janis' failure to attend the mandatory supervisors' meeting.