**BARLYNN ENTERPRISES, INC.,**
**Employer–Appellant**

v.

**Michelle FOELL and Division of Employment Security, Respondents.**

**No. 27827.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 2, 2007.

Jay M. Dade, Shughart Thomson & Kilroy P.C., Springfield, for appellant.

Ninion S. Riley, Jefferson City, for respondent Div. of Employment Security.

JOHN E. PARRISH, Judge.

Barlynn Enterprises, Inc. (employer) appeals a decision of the Labor and Industrial Relations Commission (the commission) awarding unemployment benefits to Michelle Foell (claimant). Employer argues that the record before the commission is not sufficient to support that decision. This court affirms the decision of the commission.

The commission adopted the decision of the appeals tribunal. The commission found:

The claimant began work for the employer on September 30, 2005. She was notified on November 11, 2005, that the employer would no longer employ her. The claimant's discharge arose out of her absence from work on November 10, 2005. The claimant was ill on that date and telephoned the employer's number to report her illness. She spoke with a lady who connected her with a voice mail system. The claimant left a voice mail indicating that she would be absent due to her illness.

The commission concluded:

The claimant was discharged on November 11, 2005. The issue here is whether her discharge was for misconduct....

"Absences due to illness or family emergency are absences caused through no fault of Employee and as such cannot be willful misconduct, especially if properly reported to Employer." *Garden View Care Center, Inc. v. Labor and Industrial Relations Commission,* 848 S.W.2d 603, 606 (Mo.App. E.D.1993).

Inasmuch as the claimant did not work on November 10, 2005, because of illness and inasmuch as she made a good faith effort to report that she would not be at work by leaving a voice mail to that effect with the employer, it is concluded that the claimant was discharged on November 11, 2005, but not for misconduct connected with her work.

The commission found that claimant was not disqualified for benefits by reason of her discharge from work November 11, 2005.

■■■ Employer's sole point on appeal contends the commission erred in finding that claimant was not disqualified from receiving unemployment benefits "because the facts found by the commission do not support the award and/or there was no sufficient competent evidence in the record to warrant the making of the award...."

Our review is governed by Section 288.210, RSMo 2000, which provides: "[t]he findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." We must affirm the Commission's decision unless it is unsupported by competent and substantial evidence or is unauthorized by law. *Quality Med. Transcription, Inc. v. Woods,* 91 S.W.3d 181, 184 (Mo.App. W.D.2002). We examine the whole record to determine the sufficiency of the evidence to support the Commission's decision. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo.banc 2003). A decision that is contrary to the overwhelming weight of the evidence in the record is not supported by competent and substantial evidence. *Id.* *Missouri Aztar Riverboat Gaming Co., LLC v. Janis,* 125 S.W.3d 907, 909 (Mo. App.2004).

■■ Claimant testified that she placed a timely call to employer to report her illness and that she would not be at work.

She testified that the management personnel to whom she was to report was not available; that her call was transferred to the voice mail box where she was to leave a message reporting her illness. She stated that she left the message that she was ill and would not be at work.

Employer argues that claimant committed misconduct in that she did not report her illness. Employer contends claimant's employment was, therefore, terminated for cause. The two management personnel who had access to the voice mail box to which claimant stated she was transferred testified that they did not recall retrieving claimant's voice mail message. Employer contends that claimant's testimony that she left a voice mail message as required by company policy was not worthy of belief.

This court may not substitute its judgment regarding evaluation of the evidence for that of the commission relative to the findings of the commission. *Scrivener Oil Co., Inc. v. Div. of Emp. Sec.*, 184 S.W.3d 635, 638 (Mo.App.2006). "In reviewing the Commission's order for competent and substantial evidence, we must defer to the Commission's determinations as to the credibility of witnesses and the resolution of conflicting evidence." *Ryan v. Motor Technologies Group*, 180 S.W.3d 94, 96 (Mo.App.2005). The commission is the ultimate trier of the facts. *Mark Twain Manor Homes, Inc. v. Labor and Indus. Relations Comm'n*, 631 S.W.2d 72 (Mo.App.1982). "If evidence before an administrative body would warrant either of two opposed findings, the reviewing court is bound by the administrative determination and it is irrelevant that there is supportive evidence for the contrary finding." *Pulitzer Pub. Co. v. Labor and Indus. Relations Comm'n*, 596 S.W.2d 413, 417 (Mo.banc 1980), *quoting Bd. of Educ., Mt. Vernon Schools v. Shank*, 542 S.W.2d 779, 782 (Mo.banc 1976).

Mindful of the foregoing, and on the basis of this court's examination of the whole record, the commission's determination was supported by competent and substantial evidence. Employer's point on appeal is denied. The decision of the commission is affirmed.

RAHMEYER, P.J., and SCOTT, J., concur.