

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| TRACY GUNN, | ) | |
| | ) | **WD76383** |
| Appellant, | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | **February 4, 2014** |
| | ) | |
| Respondent. | ) | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division One: Alok Ahuja, P.J.,
Thomas H. Newton, and Anthony R. Gabbert, JJ.**

### Summary

Ms. Tracy Gunn appeals the decision of the Labor and Industrial Relations Commission denying her request for unemployment benefits. The Commission determined that Ms. Gunn is not entitled to receive wage credits because work performed for her former employer, Emmanuel Baptist Church, was not covered by the Missouri Employment Security Law. We affirm.

### Factual and Procedural Background

From June 2001 to November 2011, Ms. Gunn was employed by the Emmanuel Baptist Church (Church) in Kansas City. The Church is a 501(c) organization for federal income tax purposes and did not report any of her

earnings to the Missouri Division of Employment Security. The Church never notified Ms. Gunn that her employment was not covered by the Missouri Employment Security Law (Employment Security Law), although it was statutorily required to do so under section 288.041.[1] On November 29, 2011, Ms. Gunn's job was eliminated.

Ms. Gunn filed an initial claim for unemployment benefits. The Division of Employment Security (Division) informed her that there were no wage credits in the base period[2] of her claim, which ran from July 1, 2010, through June 30, 2011, so she was ineligible to receive unemployment benefits. To verify remuneration during the base period, Ms. Gunn provided copies of checks and pay stubs. The Division still denied benefits, so she appealed to the Division's Appeals Tribunal (Appeals Tribunal). On October 30, 2012, a telephone hearing was held, during which Ms. Gunn asked the Appeals Tribunal to grant wage credits for the base period of her claim. She argued that she should receive benefits because the Church failed to provide her with notice that she was not covered. The Appeals Tribunal denied her request, concluding that the Church was an "employing unit" within the meaning of

---

[1] Statutory references are to RSMo 2000 and the Cumulative Supplement 2012, unless otherwise stated.

[2] Section 288.030(2) defines "base period" as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." Under section 288.030(3), a "benefit year" is defined as "the one-year period beginning with the first day of the first week with respect to which an insured worker first files an initial claim for determination of such worker's insured status…."

section 288.030.1(15),[3] but Ms. Gunn's work was not covered by the Employment Security Law because churches are exempt. Further, the Appeals Tribunal declared that, although the Church failed to notify Ms. Gunn of the exemption, section 288.041 imposes no penalty for failure to notify workers, nor does such failure confer rights that would otherwise not exist. The Appeals Tribunal ruled that Ms. Gunn was not entitled to receive wage credits based upon employment with the Church because work performed was not covered by the Employment Security Law.

Ms. Gunn appealed to the Labor and Industrial Relations Commission (Commission). The Commission affirmed and adopted the Appeals Tribunal's decision. Ms. Gunn filed notice to appeal.

**Standard of Review**

When the Commission adopts the Appeals Tribunal's decision, we consider it the Commission's for purposes of our review. *Ashford v. Div. of Emp't Sec.,* 355 S.W.3d 538, 541 (Mo. App. W.D. 2011). Review of

---

[3] Section 288.030.1(15) defines "employing unit" as follows:

> [A]ny individual, organization, partnership, corporation, common paymaster, or other legal entity, including the legal representatives thereof, which has or, subsequent to June 17, 1937, had in its employ one or more individuals performing services for it within this state. All individuals performing services within this state for any employing unit which maintains two or more separate establishments within this state shall be deemed to be employed by a single employing unit for all the purposes of this chapter. Each individual engaged to perform or to assist in performing the work of any person in the service of an employing unit shall be deemed to be engaged by such employing unit for all the purposes of this chapter, whether such individual was engaged or paid directly by such employing unit or by such person, provided the employing unit had actual or constructive knowledge of the work[.]

3

Commission decisions in unemployment compensation cases is governed by section 288.210. *Id.* at 540. Section 288.210 provides:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the decision was procured by fraud;
>
> (3) That the facts found by the commission do not support the award; or
>
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.
>
> An appellate court must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, *i.e.,* whether the award is contrary to the overwhelming weight of the evidence. In reviewing the Commission's decision, an appellate court must view the evidence objectively, not in the light most favorable to the decision of the Commission.

*Id. Pro se* litigants are bound by the same rules of procedure as parties represented by licensed attorneys. *Ragan v. Fulton State Hosp. and Div. of Emp't Sec.,* 188 S.W.3d 473, 475 (Mo. App. E.D. 2006). "A *pro se* litigant's substantial compliance with Rule 84.04 is mandatory," which ensures that "the reviewing court does not act as an advocate . . . by speculating on facts and arguments that were not asserted." *Id.* While the Claimant's points relied on do not comply with Rule 84.04(d), nor is a standard of review included with

4

respect to these points, we are able to glean the legal arguments, and will review the points on appeal. *Id.*

## Legal Analysis

Ms. Gunn raises three points on appeal. In the first point, she argues that the Commission erred in denying her unemployment benefits because the Church failed to notify her that she was ineligible to receive wage credits for calculating unemployment benefits, in violation of section 288.041.

Section 288.041 states:

Individuals whose services are not defined as employment pursuant to subsection 8 of section 288.034 or whose services are excluded from the term 'employment' in subdivision (1) or (2) of subsection 9 of section 288.034 shall be provided a written notice by the employing unit that wages earned by the individual for services performed for this employing unit will not be used to determine insured worker status for unemployment benefits. Such notice shall be provided to each individual:

(1) At the time of initial employment, for all initial employments occurring on or after August 28, 1999;

(2) Upon the change in status of the employing unit's liability pursuant to this chapter;

(3) For all individuals employed by such employing unit as of August 28, 1999, within thirty days of August 28, 1999.

As a Church employee, Ms. Gunn's work is expressly excluded from the definition of "employee" under sections 288.034.9 (1) and (2), which state:

For the purposes of subsections 7 and 8 of this section, the term 'employment' does not apply to service performed:

(1) In the employ of a church or convention or association of churches, or an organization which is operated primarily for

5

religious purposes and which is operated, supervised, controlled, or principally supported by a church or convention or association of churches; or (2) By a duly ordained, commissioned, or licensed minister of a church in the exercise of such minister's ministry or by a member of a religious order in the exercise of duties required by such order[.]

The Church violated section 288.041 because it failed to provide written notice to Ms. Gunn that wages earned from her work would not be used to determine uninsured worker status. However, as the Commission correctly asserts, nothing in the statute suggests that an employer's failure to comply with the notice requirements of section 288.041 makes an otherwise-excluded employee eligible for unemployment benefits.[4] Furthermore, Ms. Gunn's work does not qualify for unemployment benefits because she was a Church employee, and the Church's failure to provide notice does not alter the fact that Ms. Gunn's work was performed for an entity excluded from the definition of "employee" under section 288.034.9. Therefore, point one is denied.

In the second point, Ms. Gunn argues that the Commission's investigation failed to include information about other employees, which would trigger a requirement to pay unemployment insurance for entities employing four or more workers. This issue was not raised during the telephone hearing, nor was it included in any other written communications regarding Ms. Gunn's appeal to this court. Ms. Gunn fails to cite any authority to support this

---

[4] No issue is presented in this appeal, and we therefore do not address, whether the Church's failure to notify Ms. Gunn of her exclusion from the coverage of the Employment Security Law has other consequences under the statute.

6

contention.[5]  "Mere conclusions and the failure to develop an argument with support from legal authority preserve nothing for review."  *Kimble v. Div. of Emp't Sec.*, 388 S.W.3d 634, 643 (Mo. App. W.D. 2013) (internal quotation marks and citation omitted).  Thus, we decline to review it.  Point two is denied.

Finally, in the third point, Ms. Gunn argues that she should be awarded unemployment compensation as a matter of public policy.  She cites to section 288.020.1, which states:

> As a guide to the interpretation and application of this law, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to health, morals, and welfare of the people of this state resulting in a public calamity. The legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this state require the enactment of this measure, under the police powers of the state, for compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

"In construing provisions under Chapter 288," our goal is "to ascertain the intent of the legislature from the language used, to give effect to this intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *Valdez v. MVM Sec., Inc.,* 349 S.W.3d 450, 455 (Mo. App. W.D. 2011) (internal quotation marks and citation omitted). Pursuant to section

---

[5] We also note, *ex gratia*, that Ms. Gunn's argument concerning the number of employees at the Church may be based upon a misunderstanding of the Employment Security Law's scope of coverage. Section 288.034.8 provides that certain charitable organizations may be subject to the law, if they employ four or more persons. However, section 288.034.9 exempts churches from the operation of section 288.034.8. Thus, churches are exempted from the law, regardless of the number of employees.

7

288.060.4, claimants for unemployment benefits are eligible to receive wage credits for wages paid for work performed for employers that are subject to the Employment Security Law. As previously noted, churches are exempt. § 288.034.9 Although Ms. Gunn became unemployed through no fault of her own, this does not change the identity of the employer. The exemption provided in section 288.034.9(1) covers all persons employed by churches. *See Catholic Diocese of Kansas City-St. Joseph v. Labor and Indus. Rel. Comm'n*, 618 S.W.2d 676, 679 (Mo. App. W.D. 1981). Because churches are exempt from the Employment Security Law, Ms. Gunn is ineligible to receive wage credits toward unemployment benefits for work performed. Upon a review of the whole record, there is sufficient evidence to support the Commission's decision. Point three is denied.

## Conclusion

For the foregoing reasons, we affirm.

/s/THOMAS H. NEWTON____
Thomas H. Newton, Judge

Ahuja, P.J., and Gabbert, J. concur.