

# Missouri Court of Appeals

## Southern District

### Division One

| | |
|---|---|
| In the Matter of<br>SCOTT ZINEVICH,<br><br>   Claimant/Respondent,<br><br> vs.<br><br>DIGITAL MONITORING PRODUCTS, INC.,<br><br>   Employer/Appellant,<br><br>and MISSOURI DIVISION<br>OF EMPLOYMENT SECURITY,<br><br>   Respondent. | No. SD33562<br>Filed: June 15, 2015 |

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

**<u>AFFIRMED</u>**

  Digital Monitoring Products, Inc. ("Employer"), appeals the decision of the Labor and Industrial Relations Commission ("Commission") finding Scott Zinevich ("Zinevich") was not disqualified for benefits by reason of misconduct connected with work. We affirm the Commission's decision.

## Facts and Procedural History

Zinevich worked for Employer as the regional training manager/vertical training manager from October 2006 until he was terminated on January 13, 2014, for failure to follow managerial directives, including failing to attend a webinar on January 10, 2014.[1] As regional training manager/vertical training manager, Zinevich traveled throughout the United States and Canada providing training to alarm companies on how to install and program Employer's products.

Zinevich was instructed by Employer to attend a training webinar occurring on January 10, 2014, but failed to do so. Zinevich testified he did not intentionally miss the webinar, but failed to attend because he never received the login or password information.[2] On the day of the meeting, Zinevich realized he had not received the email containing the required login and password for the webinar. He contacted two co-workers, the regional training manager, and the training coordinator and personal assistant to David Peebles ("Peebles"), Vice President of Training and Development. However, the co-workers indicated they could not give Zinevich the login information as Tim Nissen ("Nissen"), Director of Field Technical Training and Zinevich's supervisor, was the only person with that information. Zinevich did not then contact Nissen because by that time, the webinar had already begun.

At the time the webinar began, Nissen was aware that Zinevich was not logged in, was told by the regional manager that Zinevich had called him "stressed" trying to get the login

---

[1] Other issues relating to Zinevich's termination were put in evidence and discussed in the Commission's findings. However, Employer's argument section exclusively relies on Zinevich's failure to attend the webinar and his refusal to discuss his nonattendance with his supervisor afterwards as the "misconduct" the Commission erred in failing to find. Therefore, Zinevich's failure to attend the webinar is where our focus is concentrated.

[2] Employer alleges in its brief that "Zinevich admitted he *chose* not to attend the [webinar.]" (Emphasis added). However, Employer directs us to no evidence in the record in support of this allegation. We will not search the record to discover facts to substantiate an appellant's argument on appeal. *See Cohen v. Cohen*, 73 S.W.3d 39, 58 (Mo.App. W.D. 2002). Even if there were such uncontested evidence in the record, the findings of the Commission do not address this alleged admission by Zinevich, and Employer's section 288.210(3) challenge ("That the facts found by the commission do not support the award;") would not be aided by such evidence.

information, but Nissen took no steps to get Zinevich the login information so he could participate in the webinar.[3]

On January 13, 2014, Peebles, on behalf of Employer, terminated Zinevich. As a basis for termination, Peebles cited Zinevich's failure to attend the webinar, and other work-related issues not relevant to this appeal.

On January 15, 2014, Zinevich filed a claim for unemployment benefits. Employer filed a formal protest stating Zinevich's termination was work-related misconduct arising out of Zinevich's failure to participate in a webinar on June 10, 2014, which was "[t]he final incident" causing the discharge, after he had received numerous warnings, and knew his job was in jeopardy.

On February 4, 2014, a Deputy's Determination found that Zinevich was discharged by the Employer for misconduct connected with work in that Zinevich failed to participate in a webinar that Zinevich had been notified was mandatory. Zinevich appealed and a hearing was held by the Appeals Tribunal on April 15, 2014, and continued to May 27, 2014.

On June 3, 2014, the Appeals Tribunal rendered its decision finding that Zinevich was not terminated for misconduct connected with work and reversed the Deputy's Determination. The Appeals Tribunal specifically found credible Zinevich's testimony that he did not attend the webinar because he did not receive the password and login information required to participate. The Appeals Tribunal concluded that while Zinevich may have shown poor judgment in contacting two fellow employees instead of a supervisor or manger to obtain the webinar password, he did not willfully violate Employer's standards by failing to attend the webinar.

---

[3] The login information was not found in Zinevich's company email inbox.

3

Employer appealed to the Labor and Industrial Relations Commission ("Commission"). On September 10, 2014, the Commission affirmed the decision of the Appeals Tribunal finding that the decision was fully supported by competent and substantial evidence. This appeal followed.

In its sole point relied on, Employer contends the Commission erred in adopting the Appeal Tribunal's decision because the findings of the Appeals Tribunal show that Zinevich was terminated for misconduct connected with work in disregarding the standards of behavior that Employer had the right to expect of Zinevich by failing to comply with directives of Employer— the terminal failure being Zinevich's refusal to attend the webinar.

Zinevich did not file a brief.[4] However, the Division filed a brief arguing the Commission's decision should be affirmed because there was sufficient, competent and substantial evidence in the record to support the conclusion Zinevich did not commit misconduct.

The issue for our determination is whether the Commission's findings support its conclusion that Employer did not discharge Zinevich for misconduct related to work.

## Standard of Review

"Article V, section 18 of the Missouri Constitution provides for judicial review of the commission's decisions to determine whether they are supported by competent and substantial evidence upon the whole record." *Fendler v. Hudson Services*, 370 S.W.3d 585, 588 (Mo. banc 2012) (internal quotation and citation omitted). "The appellate court's review of the

---

[4] While there is no penalty to Zinevich for not filing a brief, this Court is then forced to adjudicate Employer's claims of error without the benefit of whatever arguments Zinevich might have raised. *McClain v. Kelley*, 247 S.W.3d 19, 23 n.4 (Mo.App. S.D. 2008).

4

Commission's decision[5] in an unemployment compensation case is governed by section 288.210[.]" *Harris v. Division of Employment Sec.*, 350 S.W.3d 35, 38 (Mo.App. W.D. 2011). Section 288.210[6] provides:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the decision was procured by fraud;
>
> (3) That the facts found by the commission do not support the award; or
>
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

§ 288.210.

We defer to the Commission on matters of witness credibility and the weight given to testimony. *Fendler*, 270 S.W.3d at 588. While we defer to the Commission's findings of fact, so long as they are supported by substantial and competent evidence, we do not defer to the Commission's conclusions of law or application of law to the facts. *Frisella v. Deuster Elec., Inc.*, 269 S.W.3d 895, 898 (Mo.App. E.D. 2008). "If evidence before an administrative body would warrant either of two opposed findings, the reviewing court is bound by the administrative determination and it is irrelevant that there is supportive evidence for the contrary finding." *Barlynn Enterprises, Inc. v. Foell*, 223 S.W.3d 168, 171 (Mo.App. S.D. 2007) (internal quotation and citation omitted).

---

[5] When the Commission adopts the decision of the Appeals Tribunal, we consider the Appeals Tribunal's decision to be the Commission's for purposes of our review. *Ashford v. Division of Employment Sec.*, 355 S.W.3d 538, 541 (Mo.App. W.D. 2011).

[6] All references to statutes are to RSMo 2000, unless otherwise indicated.

5

"Whether the Commission's findings support the conclusion that an employee was guilty of misconduct is a question of law." *Frisella*, 269 S.W.3d at 898 (internal quotation and citation omitted). We review issues of law *de novo*. *Comeaux v. Convergys Customer Mgmt. Group, Inc.*, 310 S.W.3d 759, 762 (Mo.App. E.D. 2010).

## Analysis

Employer claims the Commission erred in adopting the decision of the Appeals Tribunal because the factual findings do not support the Commission's conclusion that Zinevich was not discharged for misconduct connected with work.[7]

Pursuant to section 288.050.2, a claimant is disqualified from unemployment compensation benefits when claimant is discharged for "misconduct" connected with work. Our Supreme Court in *Seck v. Department of Transp.*, 434 S.W.3d 74 (Mo. banc 2014), has identified four distinct categories of "misconduct," as defined in section 288.030.1(23).[8]

[1] an act of wanton or willful disregard of the employer's interest,

[2] a deliberate violation of the employer's rules,

[3] a disregard of standards of behavior which the employer has the right to expect of his or her employee, or

[4] negligence in such degree or recurrence as to [a] manifest culpability, wrongful intent or evil design, or [b] show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Seck*, 434 S.W.3d at 82 (quoting section 288.030.1(23)) (alterations in *Seck*).

---

[7] Employer's point relied on appears to challenge under the statutory ground "[t]hat the facts found by the commission do not support the award[.]" § 288.210(3). However, in addition to this ground, Employer's argument also suggests the Commission "exceeded its powers," a section 288.210(1) claim. This amounts to argument beyond Employer's point relied on, a violation of Rule 84.04(e). We will not consider grounds for reversal that do not appear in appellant's point relied on. *Conrad-Neustadter v. Neustadter*, 340 S.W.3d 660, 667 (Mo.App. W.D. 2011).

All rule references are to Missouri Court Rules (2014).

[8] All references to section 288.030 are to RSMo Cum.Supp. (2006).

6

Our Supreme Court abrogated the traditional requirement that claimant always be shown to have acted, or failed to act, *willfully* to show misconduct under this statute in **Fendler**, 370 S.W.3d at 589-90, thereafter clarifying this holding in **Seck**, 434 S.W.3d at 82-84.

After **Seck**, the *scienter* required for misconduct varies for each of the four categories of misconduct the court identified in section 288.030.1(23). Category one requires a showing that conduct was "wanton or willful." Category two requires a showing that conduct was "deliberate." Category three requires a *scienter* showing of "disregard." Category four allows that even simple negligence can be sufficient for misconduct, but only: "(a) [if] it was the employee's motive or purpose to injure the employer's interests, or (b) that the employee's disregard of those interests (or of employee's duties and obligations) was both intentional and substantial." **Seck**, 434 S.W.3d at 82-83 (internal quotation and citation omitted).

In attempting to assign error to the Commission's finding that Zinevich was not discharged due to misconduct, Employer points to alleged "uncontroverted facts" in the record demonstrating that Zinevich "chose not to attend the [webinar] . . . [and] refused to speak with his direct supervisor . . . regarding his failure to attend."[9] However, Employer's argument section does not direct this Court to the portions of the record by which these factual assertions

---

[9] With respect to Employer's assertion that Zinevich refused to speak with his direct supervisor, we find no citation to the record in support of this assertion *anywhere* in Employer's brief. This is a clear violation of Rule 84.04(c)&(e). Additionally, Employer's point challenges under the § 288.210(3) ground "[t]hat the facts found by the commission do not support the award[.]" We discern no findings by the Commission relating to Zinevich's alleged refusal to speak with his supervisor. Likewise, this alleged fact, even if it were substantiated by Employer in compliance with Rule 84.04, would be of no analytical value in Employer's section 288.210(3) claim.

can be verified.[10]  Nevertheless, Employer argues that this was misconduct connected with work in that it showed a "disregard of standards of behavior which the employer has the right to expect of his or her employee" under section 288.030.2(23).  In other words, Employer argues that Zinevich committed category three misconduct under *Seck*'s interpretation of section 288.030.1(23).

As we indicated in *Tamko Bldg. Products, Inc. v. Pickard*, 443 S.W.3d 68 (Mo.App. S.D. 2014), category three misconduct is restricted to the "basic standards of behavior that apply universally in the workplace and generally *not* included in the employer's express rules." *Id.* at 75 (quoting *Seck*, 434 S.W.3d at 83) (emphasis in original).  In *Tamko*, where employer maintained that employee had "violated express . . . rules and policies . . . of which he had been given notice[,]" we held that the third category did not apply.  *Tamko*, 443 S.W.3d at 75 (emphasis added).

Here, Employer's brief indicates that attendance at the webinar was an *express* requirement of Employer of which Zinevich had been given notice:  "[Employer] required [Zinevich] to attend a mandatory webinar meeting of all regional training managers on January 10.  To this end, [Zinevich] received both an electronic invitation and calendar reminder of the required meeting."  Attendance at the webinar was an *express* requirement of Employer of which Zinevich had notice—likewise, under *Seck* and *Tamko*, Zinevich's failure to comply would not, under these facts, constitute misconduct under category three.

---

[10] Rule 84.04(e) provides that "[a]ll factual assertions in the argument shall have specific page references to . . . the legal file[] [or] transcript[.]"

> Compliance with the portion of the appellate briefing rule governing references to the record is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record; reviewing authority may not become an advocate for the non-complying party on appeal.

*Underwood v. High Road Industries, LLC*, 369 S.W.3d 59, 67 n.4 (Mo.App. S.D. 2012) (internal quotation and citation omitted).

Furthermore, the Commission found credible Zinevich's testimony that he did not attend the webinar because he did not receive a password, that he contacted two other employees for the password, and that he did not contact a manager because by the time the other employees told him they could not help, the webinar had already begun. The Commission found Zinevich's failure to attend was mere "poor judgment." Deferring to the findings of the Commission, as we must under our standard of review, *Fendler*, 270 S.W.3d at 588, we cannot find that the facts in the record before us rise to the level of "disregard" required under category three of section 288.030.1(23).

Employer argues that *Lightwine v. Republic R-III School Dist.*, 339 S.W.3d 585 (Mo.App. S.D. 2011), should prescribe the outcome here. In *Lightwine*, the Appeals Tribunal and Commission found that claimant was disqualified from unemployment benefits because she was discharged due to misconduct connected with work. *Id.* at 589. On appeal, deferring to the Commission's determinations regarding weight of the evidence and credibility of the witnesses below, this Court found that there was substantial and competent evidence to support the Commission's decision that there was misconduct because the record showed that "Employer discharged Claimant for willfully disregarding Employer's reasonable directives and the standards of behavior Employer had the right to expect from Claimant . . . ." *Id.* at 591.

First, *Lightwine* was issued before our Supreme Court explained the *scienter* requirement of section 288.030.1(23) in *Fendler* and *Seck*, rendering *Lightwine* of no analytical value to Employer's argument. Second, in contrast to the procedural posture of *Lightwine*, our task here, deferring to the Commission's determinations regarding weight of the evidence and credibility of witnesses in *this* case, is to determine whether the Commission's finding that there was *not* misconduct was error because the facts found by the Commission do not support the award.

Employer fails to show that the facts found by the Commission do not support the award in that the findings do not show that Zinevich was terminated due to misconduct connected with work as a matter of law. Rather, the Commission's findings show that Zinevich did not commit a category three violation of section 288.030.1(23) in that the findings of the Commission did not show that Zinevich was discharged due to a "disregard" of the basic standards of behavior that apply universally in the workplace. *See Tamko*, 443 S.W.3d at 75.

Point denied. The decision of the Commission is affirmed.

WILLIAM W. FRANCIS, JR., C.J./P.J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. - Concurs

DON E. BURRELL, JR., J. - Concurs

10